UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 10-50494 |
| | ) | |
| FAIR FINANCE COMPANY | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Chief Judge Marilyn Shea-Stonum |
| | ) | |

## SUPPLEMENTAL APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF HOWARD L. KLEIN CO. AS FORENSIC ACCOUNTANT TO THE TRUSTEE

Brian A. Bash ("**Trustee**"), hereby supplements his application pursuant to sections 327(a), 328(a) and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the employment and retention of Howard L. Klein Co. ("**HLK**") as forensic accountant to the Trustee to expand the scope of HLK's retention to include services as an expert witness. In support of this Application, the Trustee respectfully states as follows:

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 327(a), 328 and 1103 of the Bankruptcy Code.

2.      On February 8, 2010 (the "**Petition Date**"), creditor-investors (the "**Petitioning Creditors**") filed a petition for involuntary bankruptcy against the Debtor.

3.      On the Petition Date, the creditor-investors also filed an "Emergency Motion to Appoint Interim Trustee" (Docket No. 2) alleging that a trustee was needed to oversee the operations of the Debtor because (i) the Debtor had failed to make timely payments on its debts, including failing to redeem matured certificates and failing to pay interest on unmatured certificates; (ii) the Debtor and several

affiliated companies had been raided by the Federal Bureau of Investigation in November of 2009; (iii) the Debtor has not been open to the public since the raid; and (iv) public records revealed that the Debtor had made "unusually large" loans to insiders.

      4.     On February 19, 2010, this Court entered an order directing the United States Trustee to appoint an interim trustee.

      5.     On February 24, 2010, the Debtor filed notice that it consents to the entry of an order for relief in this proceeding (Docket No. 35).

      6.     On March 2, 2010, the Court entered an Order granting the relief sought by the Petitioning Creditors *nunc pro tunc* as of February 24, 2010 (Docket No. 40).

      7.     On March 2, 2010, the United States Trustee filed the Notice of Appointment of Interim Chapter 7 Trustee *nunc pro tunc* effective February 24, 2010 (Docket No. 41). Attorney Bash is the duly appointed, qualified and acting Trustee in the within proceedings.

      8.     On March 23, 2010, this Court entered an order authorizing the Trustee to engage HLK as a forensic accountant to the estate (Docket No. 67) (the "**Order**").

**Proposed Expanded Scope of Retention**

      9.     As part of his duty to administer and liquidate the estate for the benefit of creditors, the Trustee must engage in litigation to recover assets which may require the services of an expert witness capable of opining as to financial issues.

      10.    The Trustee would prefer to use HLK as an expert witness because it is already extremely familiar with the case, experienced, qualified, and, in the trustee's experience, efficient. In addition to his eight months of service to the estate, Mr. Howard L. Klein, the principal of HLK, is a Certified Public Accountant, a Certified Fraud Examiner, and a Certified Insolvency and Restructuring Advisor, and has extensive experience in investigative accounting and reviewing the records of bankruptcy debtors.

11.    The Trustee files this supplemental application because he has not yet sought or obtained authority to retain HLK as an expert witness, but as only as a consultant. To date, HLK's principal, Mr. Howard Klein, has been identified as a potential expert witness in the FCS Advisors adversary proceeding.

**Proposed Application of Amended Rule 26**

12.    The Trustee also files this supplemental application to confirm that the amendments to Federal Rule of Civil Procedure 26 would apply to any discovery with respect to Mr. Klein in his capacity as an expert witness.  Unless Congress acts to prevent the most recent amendments to the Federal Rules of Civil Procedure from becoming effective as of December 1, 2010, Rule 26 will be amended to specifically extend work-product privilege to communications between experts and counsel for the estate ("**New Rule 26**"). A copy of the Supreme Court's April 28, 2010 order, which explicitly states that the amendments "shall govern . . . insofar as just and practicable, all proceedings" pending as of December 1, 2010, is attached as Exhibit A (emphasis supplied).

13.    The amendment responds to decisions by some courts that Rule 26 requires the production of certain communications between an expert and counsel.  While the Trustee does not believe much of his professionals' communications with HLK should be discoverable, the Trustee wishes to avoid the burden and expense of any disputes over this issue, as well as any dispute over the application of New Rule 26.

14.    The Trustee and his professionals have, to this point, communicated openly with HLK as a consultant. If the protections of New Rule 26 were not applied to HLK, the Trustee would be required to retain a separate expert witness in order to protect confidential information communicated to Mr. Klein.

15.    Retaining a separate expert witness would be very costly for the estate. Mr. Klein has worked on this case since February 2010, and has acquired tremendous institutional knowledge of the multitude of persons, entities and transactions involved. The time required for a new expert witness to become familiar with the case would cost the estate a substantial amount of time and money.

16. New Rule 26 appropriately applies to any and all expert discovery regarding HLK, including discoverable information in connection with expert reports, affidavits, depositions and trial testimony, provided after December 1, 2010. The Trustee, of course, would not oppose applying the same rules to expert witnesses retained by any other party, and no opposing expert witnesses have thus far disclosed any opinions to the Trustee. The Trustee, therefore, would derive no unfair benefit from the application of New Rule 26.

17. Further, there is no practical hurdle to applying New Rule 26 to this case and any related adversary proceedings, since no expert discovery has commenced, nor is any expert discovery scheduled in any pending proceeding prior to the effective date of New Rule 26 on December 1, 2010.

18. The Trustee proposes that HLK be compensated for its services as an expert witness at its hourly rate, and for expenses incurred in connection with this Chapter 7 proceeding, on the terms set forth in the Application. The current standard billing rate of HLK for the services of Howard L. Klein is $250.00 per hour. It is the practice of Howard L. Klein Co. to utilize other personnel at lower rates when it would be in the best interest of the estate to do so based on cost and efficiency. All fees and expenses will be subject to Court approval upon proper application and will be paid only upon Court order.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit B**, expanding the scope of HLK's retention to include services as an expert witness for the Trustee, and granting such further relief as is just and proper.

Date: November 2, 2010

Respectfully submitted,

/s/ Brian A. Bash
Brian A. Bash, Trustee (0000134)
Baker & Hostetler LLP
PNC Center
1900 East 9th Street, Suite 3200
Cleveland, Ohio 44114-3482
Telephone: 216.861.7581
Email: BashTrustee@Bakerlaw.com

**EXHIBIT A**

**SUPREME COURT ORDER OF APRIL 28, 2010**

April 28, 2010


Honorable Nancy Pelosi
Speaker of the House of Representatives
Washington, D.C. 20515

Dear Madam Speaker:

I have the honor to submit to the Congress the amendments to the Federal
Rules of Civil Procedure that have been adopted by the Supreme Court of the
United States pursuant to Section 2072 of Title 28, United States Code.

Accompanying these rules are excerpts from the report of the Judicial
Conference of the United States containing the Committee Notes submitted to the
Court for its consideration pursuant to Section 331 of Title 28, United States Code.

Sincerely,

/s/ John G. Roberts, Jr.

April 28, 2010

Honorable Joseph R. Biden, Jr.
President, United States Senate
Washington, D.C.  20510

Dear Mr. President:

I have the honor to submit to the Congress the amendments to the Federal Rules of Civil Procedure that have been adopted by the Supreme Court of the United States pursuant to Section 2072 of Title 28, United States Code.

Accompanying these rules are excerpts from the report of the Judicial Conference of the United States containing the Committee Notes submitted to the Court for its consideration pursuant to Section 331 of Title 28, United States Code.

Sincerely,

/s/ John G. Roberts, Jr.

April 28, 2010

## SUPREME COURT OF THE UNITED STATES

ORDERED:

1.  That the Federal Rules of Civil Procedure be, and they hereby are, amended by including therein amendments to Civil Rules 8, 26, and 56, and Illustrative Civil Form 52.

[See infra., pp. __ __ __.]

2.  That the foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2010, and shall govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending.

3.  That THE CHIEF JUSTICE be, and hereby is, authorized to transmit to the Congress the foregoing amendments to the Federal Rules of Civil Procedure in accordance with the provisions of Section 2072 of Title 28, United States Code.

# AMENDMENTS TO THE FEDERAL RULES OF CIVIL PROCEDURE

**Rule 8. General Rules of Pleading**

\* \* \* \* \*

**(c) Affirmative Defenses.**

**(1)** *In General.* In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including:

- accord and satisfaction;
- arbitration and award;
- assumption of risk;
- contributory negligence;
- duress;
- estoppel;
- failure of consideration;
- fraud;
- illegality;

- injury by fellow servant;

- laches;

- license;

- payment;

- release;

- res judicata;

- statute of frauds;

- statute of limitations; and

- waiver.

\* \* \* \* \*

## Rule 26. Duty to Disclose; General Provisions Governing Discovery

**(a) Required Disclosures.**

\* \* \* \* \*

    (2) *Disclosure of Expert Testimony.*

        **(A)** *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must

disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report — prepared and signed by the witness — if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

        **(ii)** the facts or data considered by the witness in forming them;

        **(iii)** any exhibits that will be used to summarize or support them;

        **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;

        **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

        **(vi)** a statement of the compensation to be paid for the study and testimony in the case.

    **(C)** *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not

required to provide a written report, this disclosure must state:

**(i)** the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

**(ii)** a summary of the facts and opinions to which the witness is expected to testify.

**(D)** *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

**(i)** at least 90 days before the date set for trial or for the case to be ready for trial; or

        **(ii)** if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

    **(E)** *Supplementing the Disclosure.* The parties must supplement these disclosures when required under Rule 26(e).

* * * * *

**(b) Discovery Scope and Limits.**

* * * * *

  **(3)** *Trial Preparation: Materials.*

    **(A)** *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are

prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

**(i)** they are otherwise discoverable under Rule 26(b)(1); and

**(ii)** the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

**(B)** *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental

impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

(C) *Previous Statement.*   Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter.  If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses.  A previous statement is either:

(i)   a written statement that the person has signed or otherwise adopted or approved; or

(ii)  a contemporaneous stenographic, mechanical, electrical, or other recording — or a transcription of it —

that recites substantially verbatim the person's oral statement.

(4) *Trial Preparation: Experts.*

(A) *Deposition of an Expert Who May Testify.* A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.

(B) *Trial-Preparation Protection for Draft Reports or Disclosures.* Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.

**(C)** *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses.* Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:

**(i)** relate to compensation for the expert's study or testimony;

**(ii)** identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

   **(iii)** identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

  **(D)** *Expert Employed Only for Trial Preparation.* Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:

   **(i)** as provided in Rule 35(b); or

   **(ii)** on showing exceptional circumstances under which it is impracticable for the

party to obtain facts or opinions on the same subject by other means.

**(E)** *Payment.* Unless manifest injustice would result, the court must require that the party seeking discovery:

    **(i)** pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and

    **(ii)** for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

* * * * *

## Rule 56. Summary Judgment

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for

summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures.**

(1) *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

   **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

   **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

**(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

    (3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

    (4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.**

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1) defer considering the motion or deny it;

    (2) allow time to obtain affidavits or declarations or to take discovery; or

    (3) issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.**
If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

(4) issue any other appropriate order.

**(f) Judgment Independent of the Motion.**   After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after notice and a reasonable time to respond — may order the submitting party to pay the other party the reasonable expenses, including

18      FEDERAL RULES OF CIVIL PROCEDURE

attorney's fees, it incurred as a result.  An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

## Form 52.  Report of the Parties' Planning Meeting.

### (Caption — See Form 1.)

1.    The following persons participated in a Rule 26(f) conference on ___date___ by _
      *state the method of conferring*  :

2.    Initial Disclosures.  The parties [have completed] [will complete by _ _date_ ]
      the initial disclosures required by Rule 26(a)(1).

3.    Discovery Plan.  The parties propose this discovery plan:

      (*Use separate paragraphs or subparagraphs if the parties disagree.*)

      (a)    Discovery will be needed on these subjects:  (*describe*)
      (b)    Disclosure or discovery of electronically stored information should be
             handled as follows: (*briefly describe the parties' proposals, including the
             form or forms for production.*)
      (c)    The parties have agreed to an order regarding claims of privilege or of
             protection as trial-preparation material asserted after production, as
             follows: (*briefly describe the provisions of the proposed order.*)
      (d)    (Dates for commencing and completing discovery, including discovery
             to be commenced or completed before other discovery.)
      (e)    (Maximum number of interrogatories by each party to another party,
             along with dates the answers are due.)
      (f)    (Maximum number of requests for admission, along with the dates
             responses are due.)
      (g)    (Maximum number of depositions for each party.)
      (h)    (Limits on the length of depositions, in hours.)
      (i)    (Dates for exchanging reports of expert witnesses.)
      (j)    (Dates for supplementations under Rule 26(e).)

4.    Other Items:

                              * * * * *

**EXHIBIT B**

**PROPOSED ORDER**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 10-50494 |
| | ) | |
| FAIR FINANCE COMPANY | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Chief Judge Marilyn Shea-Stonum |
| | ) | |

## ORDER GRANTING SUPPLEMENTAL APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF HOWARD L. KLEIN CO. AS FORENSIC <u>ACCOUNTANT TO THE TRUSTEE</u>

This matter came to be heard upon the supplemental application of the Trustee for an order expanding the scope of Howard L. Klein Co.'s retention to include services as an expert witness.

Upon consideration thereof, the Court finds the supplemental Application well-taken, and that expanding the scope of HLK's retention to include services as an expert witness is in the best interests of the estate.

IT IS THEREFORE ORDERED that the Trustee's Supplemental Application is

GRANTED.

1.     HLK is authorized to serve as an expert witness for the estate.

2.     Rule 26, as amended effective December 1, 2010, shall apply to expert discovery after December 1, 2010, including without limitation, discoverable information in connection with expert reports, affidavits, and deposition and trial testimony. Specifically, for any expert discovery after December 1, 2010, attorney communications made prior to December 1, 2010 shall be subject to amended Rule 26.

IT IS SO ORDERED.

# # #

Submitted by:

*/s/Brian A. Bash*
Brian A. Bash, Trustee (0000134)
Baker & Hostetler LLP
PNC Center
1900 East 9th Street, Suite 3200
Cleveland, Ohio 44114-3482
216.861.7581
BashTrustee@Bakerlaw.com

## CERTIFICATE OF SERVICE

A copy of the foregoing has been served via ECF or regular, U.S. Mail, on November 2, 2010, on the attached service list.

*/s/ Brian A. Bash*
Brian A. Bash

SERVICE LIST

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

- Brian A Bash     bashtrustee@bakerlaw.com, bbash@ecf.epiqsystems.com
- Brian A Bash     BBash@bakerlaw.com
- Kelly Burgan     kburgan@bakerlaw.com
- Anthony J. Cespedes     ajc1253@yahoo.com
- Adam D. Cornett     acornett@taftlaw.com, cmillner@taftlaw.com;docket@taftlaw.com
- J Douglas Drushal     ddrushal@ccj.com
- Joseph Esmont     jesmont@bakerlaw.com, joe.esmont@gmail.com
- Leon Friedberg     lfriedberg@cpmlaw.com, rswoager@cpmlaw.com
- H Ritchey Hollenbaugh     hrh@cpmlaw.com, rms@cpmlaw.com;slq@cpmlaw.com
- Kimberlie L Huff     khuff@taftlaw.com, sschmidt@taftlaw.com
- Cynthia A Jeffrey     ecfndoh@reimerlaw.com, RACJ.ecfndoh@yahoo.com
- Stuart A. Laven     slaven@beneschlaw.com, docket@beneschlaw.com;mkrawczyk@beneschlaw.com;lbehra@beneschlaw.com
- Trish D. Lazich     trish.lazich@ohioattorneygeneral.gov, angelique.seals@ohioattorneygeneral.gov
- Scott B. Lepene     slepene@beneschlaw.com, docket@beneschlaw.com;mkrawczyk@beneschlaw.com;lbehra@beneschlaw.com
- Grant A Mason     gamason@millermast.com
- Matthew H Matheney     mmatheney@frantzward.com, dlbeatrice@frantzward.com;maguilar@frantzward.com
- Shorain L. McGhee     shorain.mcghee@sbcglobal.net
- David Polan Meyer     dmeyer@dmlaws.com
- David Polan Meyer     dmeyer@dmlaws.com, docket@dmlaws.com
- Michael J Moran     moranecf@yahoo.com
- David Mucklow     davidamucklow@yahoo.com
- Michael P O'Neil     moneil@taftlaw.com, dwineinger@taftlaw.com;ecfclerk@taftlaw.com
- Mark A Phillips     mphillips@beneschlaw.com, docket@beneschlaw.com;lbehra@beneschlaw.com;cgreen@beneschlaw.com
- Timothy Paul Piatt     tppiatt@mgplaborlaw.com
- Clinton E. Preslan     ndohbky@jbandr.com
- Stephen J Pruneski     spruneski@rlbllp.com
- Vance P Truman     medinaatty@yahoo.com, medinaatty@gmail.com
- United States Trustee     (Registered address)@usdoj.gov
- Nancy A Valentine     navalentine@hahnlaw.com, hlpcr@hahnlaw.com
- Wayne County Litigants     ddrushal@ccj.com

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive e-mail notice/service for this case (who therefore require manual noticing/service).

F Anthony Paganelli
Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204

Michael P. O'Neil
Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204

Emily S. Donahue
Jackson Walker L.L.P.
901 Main Street, Suite 6000
Dallas, TX 75202

Eric W. Sleeper
Barton Barton & Plotkin LLP
420 Lexington Avenue
New York, NY 10170

Christine A. Arnold
6005 Twin Lakes Drive
Parma, OH 44219

Gary Sallee
11650 Olio Road, Suite 1000-333
Fishers, IN 46037

Charles R. Dyas, Jr.
Barnes & Thornburg LLP
Fifth Third Center
21 East State Street, Suite 1850
Columbus, OH 43215

Robert Hanlon
Eileen Hanlon
P.O. Box 42
State Route 43
Mogadore, OH 44260

Leon Friedberg
Dennis J. Concilla
Carl A. Aveni
H. Ritchey Hollenbaugh
Carlile Patchen & Murphy LLP
366 Broad Street
Columbus, OH 43215

John McCauley, Esq.
J. Richard Kiefer, Esq.
Bingham McHale LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204

Robert Boote
Ballard Shahr LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801-3034

Tobey Daluz
Ballard Spahr LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801-3034

Leslie C Heilman
Ballard Spahr LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801-3034

Jay Jaffe
Baker & Daniels LLP
600 E. 96th Street, Suite 600
Indianapolis, IN 46240

Michael V. Demczyk
12370 Cleveland Avenue, NW
P.O. Box 867
Uniontown, OH 44685